## Strickler Appeal

W. Roger Fetter, for appellant.

Paul M. Showalter, for Secretary of Revenue.

SHOWERS, P. J., December 21, 1953.—The matter is before the court upon appeal of Russell C. Strickler from an order of the Secretary of Revenue suspending his license to operate a motor vehicle for a period of 90 days. The reason for the suspension is violation

of The Vehicle Code of May 1, 1929, P. L. 905, as amended, sec. 1002(*b*) (6), 75 PS §501. From the testimony taken at the hearing de novo we make the following

## Findings of Fact

1. Appellant was operating an Oldsmobile sedan on December 12, 1953, at or about 9 a.m., traveling north on Route 111 in Newberry Township, York County, in the vicinity of Strinestown, approximately nine miles north of York, Pa. Traffic was light.

2. Appellant on this occasion was unaccompanied.

3. Route 111 extends between York and Harrisburg, is a two-lane macadam highway approximately 18 feet wide.

4. The weather was clear and the road was dry.

5. The arresting officer followed appellant for a distance of three miles and clocked him for a distance of one mile in a motor vehicle the speedometer of which had been tested for accuracy within the legally prescribed time.

6. The arresting officer determined that appellant was operating his motor vehicle at a speed of 65 miles per hour.

7. Information was filed against appellant for exceeding the speed limit, before a local justice of the peace, and appellant forwarded the fine and costs and the case was closed as of January 6, 1953.

8. Appellant has been driving a motor vehicle about 30 years and has theretofore been arrested once about 13 years ago for a violation of The Vehicle Code, charged with driving 55 miles per hour.

9. Appellant was operating his car at the time of his apprehension on Route 111 in Newberry Township, York County, Pa., and was on an emergency trip to secure a part for a Diesel shovel in order to remove the same from a hole which was being rapidly filled with water.

10. Appellant was employed as a superintendent of a construction project in York County, Pa., and had on the above date 38 men employed under his supervision.

11. Appellant was engaged in passing another car at the time that he was being clocked by the arresting officer.

## Discussion

The authority of the secretary is predicated upon the Act of August 24, 1951, P. L. 1368, sec. 7, 75 PS §192.1, which enables the Secretary of Revenue to suspend a license if after a hearing the secretary finds that the person has committed any violation of The Vehicle Code. The Vehicle Code of May 1, 1929, P. L. 905, sec. 1002(b) (6), as amended, declares it unlawful to operate a motor vehicle upon the highway at a rate of speed in excess of 50 miles per hour.

It is the duty of the court, on appeals of this nature, to hear the witnesses of the Commonwealth and the witnesses of the licensee, and from the testimony taken to determine de novo whether the operator's license should be suspended: Commonwealth v. Funk, 323 Pa. 390, 399. See also Hardwick Automobile License Case, 348 Pa. 266, in which Justice Patterson said (p. 267) :

"The obvious intent of the legislature was to vest in the several courts of common pleas broad discretionary power. . . . In the exercise of the broad power thus conferred by the legislature, the courts are to administer justice according to the evidence and circumstances presented, and the action of a lower court will not be disturbed except for manifest abuse of discretion."

It is apparent that the primary concern of the court is not whether the action of the Secretary of Revenue was justified by the available evidence in the case, but to determine, independently, from the evidence in the court's sound discretion and in the furtherance of

justice, whether or not the license should be suspended. Thus, the merit of the suspension has been recognized as being a matter for the court's determination. The mere showing that there was a violation of The Vehicle Code and the subsequent payment of a fine for that violation is not, in itself, sufficient to justify the suspension of a license: Commonwealth v. Wagner, 364 Pa. 566.

Appellant has indicated that the suspension of his operator's license will work a considerable hardship upon him in connection with his duties as construction superintendent. With this contention we only have to say that every individual who is convicted of a crime, or of violating a statutory enactment, if the penalties of the law are imposed will in all probability suffer an economic loss. Their economic loss should not by itself be considered as justification for appellant in violating the law, or as an excuse for his wrong doing. Economic hardship standing alone is insufficient to set aside the suspension of an operator's license by the Secretary of Revenue. See Commonwealth v. Emerick, 373 Pa. 388. In the Emerick case, supra, the licensee, as testified to by the police officer, drove at a high speed, drove through an intersection without stopping, ignoring a stop sign erected at the junction, and was clocked at 80 miles per hour, and had testified that he had no excuse to justify his conduct, and that the testimony submitted in extenuation of his action was that he would experience difficulty in reaching his place of employment. The court in the Emerick case held economic loss is not an adequate reason for setting aside the suspension of an operator's license by the Secretary of Revenue. In the case before us for consideration the circumstances as set forth are entirely different.

We recognize that the legislature has made a uniform maximum speed limit applicable to all open high-

ways (except the Pennsylvania Turnpike) throughout the State. We also recognize, as did the legislature in providing for the exercise of discretion in the suspension of operators' privileges for violation of the absolute requirements of The Vehicle Code, that circumstances alter the occasion. If the legislature wished to provide as an additional penalty for violation of the code the mandatory and inflexible imposition of the economically drastic punishment of license suspension in this day and age, it might readily have done so. Since it has not, it is incumbent upon the courts to exercise a sound judicial discretion with relation thereto. The safety and general welfare of the public as well as the individual driver will be as well served by not imposing the harsh and excessive sanction of suspension for operation at 60 miles per hour on a through highway under the facts of this case, as it would be in countenancing the perfectly legal operation of automobiles upon narrow two-lane secondary roads at speeds of 50 miles per hour, all other considerations being equal. On the whole record, including the minor and inadvertent nature of the violation, the lack of danger to others, the absence of any aggravating circumstances and appellant's experience and record free of any earlier violations, as well as the substantial hardship which would be visited on him and his family, we conclude that the order of suspension entered by the Secretary of Revenue should be reversed and vacated: Reichenbach Automobile License Case, 45 Municipal Law Reporter 20.

On the day of the violation appellant was engaged as a superintendent of construction on a job in York County, Pa. The operation required the use of a 2-yard Diesel shovel in an excavation which was kept free and clear of water by means of pumps. On the morning in question, one of the pumps ceased operat-

ing; causing the water in the hole where the shovel was located, to rise. In order to prevent the Diesel shovel from being submerged by the inflowing water, the appellant directed the men engaged in this operation to move the shovel from the excavated portion of the project, when a link of a chain necessary to operate the shovel broke, making it necessary to repair the chain before the shovel could be moved to safety. The nearest available place where the part for repair to this type of equipment could be had was at L. B. Smith, Inc., Camp Hill, Pa. Appellant went to Camp Hill leaving 38 men idle and the Diesel shovel partly submerged, and it was during this trip to Camp Hill as aforesaid for the parts necessary to make the repairs to the Diesel shovel, that appellant was arrested.

The court is of the opinion that the trip by appellant to Camp Hill for replacement of broken parts for the Diesel shovel was of an emergency nature, and more especially so where 38 employes were without work and an expensive piece of excavating equipment was about to become submerged. This condition presents an extenuating circumstance to be given careful consideration by the court.

### Conclusions of Law

1. Appellant on December 12, 1952, operated his motor vehicle on Route 111 in York County, Pa., at a speed in excess of 50 miles per hour.

2. Appellant, on this occasion, did not operate his motor vehicle in a careless or reckless manner.

3. The order of the Secretary of Revenue suspending the operating privilege of appellant for 90 days was not warranted.

Hence, the following

### Order

And now, December 21, 1953, the appeal is sus-

tained. The order of the Secretary of Revenue suspending appellant's operating privilege for 90 days is reversed and the Secretary of Revenue is directed to reinstate the license or privilege. Costs to be paid by appellant.